**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ben LITTLES, a.k.a. Little Dog, a.k.a.
Ben Little, Defendant–Appellant.**

**No. 08–15776
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 22, 2009.

Lisa Call, Federal Public Defender's Office, Lynn Palmer Bailey, Jacksonville, FL, for Defendant–Appellant.

Michelle Thresher Taylor, U.S. Attorney's Office, Tampa, FL, for Plaintiff–Appellee.

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

In *United States v. Littles,* 66 Fed.Appx. 844 PIN (11th Cir.2003), we affirmed Ben Littles's conviction and 235 months' prison sentence for conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. On February 29, 2008, Littles moved the district court pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 706 to the Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine. The district court, relying on a supplemental presentence report and U.S.S.G. § 1B1.10, granted his motion and reduced his prison term to 188 months. Littles now appeals, arguing that the district court erred in its application of § 3582(c)(2) when it refused to sentence him below the minimum of the amended Guidelines sentence range. He contends that, despite the language of § 1B1.10, which constrains the court's authority to vary from the amended sentence range, that section, like all of the Guidelines, is merely advisory under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentence range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C.

§ 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statements, found in § 1B1.10, state that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3583(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

Littles's arguments are foreclosed by precedent. We recently held that *Booker* does not apply to § 3582(c)(2) proceedings and thus the court is bound by the limitations imposed by § 1B1.10 and does not have the authority to sentence below the amended Guidelines sentence range. *See United States v. Melvin,* 556 F.3d 1190, 1192–93 (11th Cir.2009) (holding that *Booker* does not "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), *petition for cert. filed,* (U.S. Feb. 10, 2009) (No. 08–8664).

AFFIRMED.